NATIONAL SURETY CORPORATION, APPELLANT, v. CHARLES C. GIFFONIELLO, RESPONDENT.

Submitted January 21, 1947—Decided March 17, 1947.

Before Justices PARKER, DONGES and EASTWOOD.

For the appellant, *Jacob S. Glickenhaus.*

For the respondent, *Samuel F. Penza.*

PER CURIAM.

The respondent, Giffoniello, appointed as administrator of an estate, was required to give bond in that capacity; and obtained from the appellant corporation the execution of a surety bond required by law, agreeing, in his written application, to pay the appellant surety corporation a premium of $24 a year "until the corporation shall be furnished with conclusive written legal evidence of its discharge from liability thereunder."

After several years the estate was closed in due course and the defendant was discharged as administrator by the court. However, the bonding corporation claimed that the obligation to pay annual premiums continued, and the present suit is for "accrued premiums" for some ten or twelve years.

The trial court held that the requirement of the agreement in suit, that "conclusive written legal evidence of the discharge of the surety from liability" be furnished, was "impossible of performance;" and gave judgment for defendant; but seems to have overlooked *R. S.* 3:8–17 which provides that "at any time after the expiration of three months from

the filing of any final decree of distribution made after the passing by any court of this state of competent jurisdiction of the final account, the court which passed such final account shall, upon application on behalf of any person interested, and upon such notice to the other interested persons as the court may prescribe, and upon proof being made to the satisfaction of such court that the entire trust estate has been distributed according to law, and that no appeal from such orders of distribution is pending, make an order discharging the sureties of the principal from any and every liability by reason of their having become such sureties." That statute seems to cover the case and we consider that a reversal of the judgment is in order.

We take this opportunity of pointing out a disregard by appellant of the provisions of rule 155 that require papers submitted in print to be in clear type not smaller than 11 point. In this case the copy of the "application for bond," which is the basis of the plaintiff's claim, is a photostat, reduced to about one-half size in which the running text is so fine as to require a magnifying glass for convenient reading.

The judgment under review is reversed, and the cause will be remanded for a new trial.

But it is to be observed that the agreement to pay premiums is not under seal, and consequently any recovery must be limited to premiums that fell due less than six years before the date of the summons in the District Court.